# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARRY J. SMITH, SR.,**

    **Plaintiff,**

  **v.**                                                                              Case No. 18-CV-988

**UNITED STATES CONGRESS and**
**WISCONSIN LEGISLATURE,**

    **Defendants.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND ORDER ON PLAINTIFF'S MOTION AND AMENDED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

    Barry J. Smith, Sr. brings this lawsuit against the United States Congress and the Wisconsin Legislature, alleging unconstitutional deprivation of his rights to keep and bear arms and to hold public office due to a prior criminal conviction.

    Now before me is the defendants' motion to dismiss Smith's complaint for failure to state a claim (Docket # 6) and Smith's motion to file an amended complaint (Docket # 10). For the reasons that follow, the government's motion to dismiss is granted and Smith's motion to amend is denied.

## BACKGROUND

    Smith is no stranger to litigating cases in this district. In 1990, a jury convicted Smith of threatening to kill United States District Judge John Reynolds in violation of 18 U.S.C. § 115(a)(1)(B). (*United States v. Smith*, 982 F.2d 407 (1991), Ex. A to Def.'s Mot. to Dismiss, Docket # 7-1 at 5.) Smith was sentenced to a one-year confinement period and a

four-year period of supervised release, which was subsequently reduced to a period of three years supervised release. (*Id.*)

Following the completion of his sentence, Smith filed multiple civil rights complaints alleging that the United States of America and the State of Wisconsin violated his constitutional rights. (Docket # 7-1 at 8–38.) In early 2008, Smith filed a complaint claiming that laws prohibiting him from running for office because of his prior conviction violated his due process and equal protection rights. (*Id.* at 8–11.) United States District Judge Rudolph T. Randa denied and dismissed Smith's complaint for failure to state a claim. (*Id.*) Smith appealed and the Seventh Circuit affirmed. (*Id.* at 12–13.)

In November 2008, Smith filed a complaint against the President of the United States, the Governor of Wisconsin, and the Mayor of Milwaukee. (Docket # 7-1 at 14–15.) Smith alleged six similar grievances against the defendants, which United States District Judge J.P. Stadtmueller dismissed. (*Id.* at 16–20.) Smith appealed and the Seventh Circuit affirmed. (*Id.* at 21–22.)

In February 2013, Smith filed a complaint against Congress, the President, the Governor of Wisconsin, the Mayor of Milwaukee, and the United States Social Security Administration alleging that he was denied a variety of constitutional rights. (*Id.* at 23–24.) United States District Judge Charles N. Clevert found the allegations frivolous and dismissed the lawsuit. (*Id.* at 25–29.)

In October 2017, Smith filed another civil rights complaint against the United States of America and the State of Wisconsin alleging that he is being kept in slavery because as a convicted felon his citizenship was taken from him, he cannot bear arms to protect himself and his family, he must incriminate himself when asked about his felony conviction,

perpetrators of crimes against his family are not prosecuted, and he cannot hold political office. (Docket # 7-1 at 30–32.) United States Magistrate Judge David E. Jones dismissed the lawsuit with prejudice on January 29, 2018. (Docket # 7-1 at 33–38.) Smith subsequently filed several motions attempting to reopen the lawsuit, which Judge Jones denied on June 26, 2018. (Docket # 7-1 at 39.) On June 28, 2018, Smith filed notice of appeal with the Seventh Circuit. In its order of September 28, 2018, the Seventh Circuit limited the scope of the appeal to Judge Jones' orders of June 26, 2018 only, not including the judgment of January 29, 2018 due to lack of timeliness. *Smith v. United States*, Appeal No. 18-2408 (September 28, 2018).

In June 2018, Smith filed this lawsuit challenging 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to transport, possess, or receive firearms or ammunition. Smith argued that this provision is an unconstitutional bill of attainder. (Docket # 1 at 1.) Smith also argued that Wisconsin Constitution Art. XIII § 3(2)–(3), which prohibits persons convicted of felonies from holding public office, is an unconstitutional bill of attainder. (*Id.* at 2.) Smith requested restoration of his Second Amendment right to keep and bear arms, and his eligibility to run for office. (*Id.* at 2.)

On July 9, 2018, Smith submitted an amended complaint arguing that Congress has no authority under the Commerce Clause to "regulate or deny my right to carry a gun," and that the Wisconsin legislature lacks authority "to deny my right to vote for myself." (Docket # 3.) This amended complaint did not include the bill of attainder arguments. The amended complaint also identified the defendants as the United States Congress and the Wisconsin

Legislature, while the original complaint identified them as the United States of America and the State of Wisconsin.

On August 31, 2018, the defendants moved to dismiss the lawsuit on the basis that the plaintiff failed to state a claim upon which relief can be granted. (Docket # 6.) On September 6, 2018, Smith moved to amend the complaint again, alleging that he had inadvertently failed to incorporate the first complaint into the amended complaint. (Docket # 9 at 4.) The next day, he amended his motion for a new amendment. (Docket # 10.)

## APPLICABLE RULE

The government moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Rule 12(b)(6) does not permit the court to consider matters outside the complaint without converting the motion into a motion for summary judgment, Fed. R. Civ. P. 12(d).

## ANALYSIS

Construing Smith's complaint liberally, as I must, Smith alleged that the United States of America and the State of Wisconsin have deprived him of his Second Amendment rights and deprived him of his right to run for office.

As outlined above, this is not the first time Smith has filed a civil complaint in the Eastern District of Wisconsin challenging the collateral consequences of having a prior felony criminal conviction. On five previous occasions, Smith filed complaints citing similar causes of action—his inability to keep and bear arms and right to run for public office—against primarily the same government entities and public officials.

In one of Smith's previous complaints, Judge Stadtmueller concluded that "limitations on a felon's right to carry a firearm, vote, or hold public office 'are well-recognized collateral consequences of a felony conviction, and the constitutionality of those long-standing consequences are not legitimately disputed.'" (Docket # 7-1 at 18.) The Supreme Court resolved the issue of constitutionality of the felon-in-possession statute in *United States v. Bass*, 404 U.S. 336 (1971). *See also District of Columbia v. Heller*, 128 S.Ct. 2783, 2816-17 (2008) (approving of the "longstanding prohibitions on the possession of firearms by felons"). Therefore, Smith's complaint fails to state a claim on this ground.

Similarly, the Supreme Court has repeatedly upheld the constitutionality of limitations on felons' right to vote and hold public office. *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974); *Romer v. Evans*, 517 U.S. 620, 634 (1996). Smith's complaint manifestly fails to state any claim on this ground.

Finally, Smith moved for leave to file an amended complaint. Because the proposed second amended complaint merely reiterates the challenges to the same provisions, without

introducing any new laws or facts that might suggest grounds for relief or cognizable claims, it would be futile to grant leave to amend the complaint. Therefore, Smith's motion is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 6) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Smith's motion (Docket # 9) and amended motion (Docket # 10) for leave to file an amended complaint are **DENIED**.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge