# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARRY J. SMITH, SR.,**

    Plaintiff,

  v.                                            Case No. 18-CV-988

**UNITED STATES CONGRESS and
WISCONSIN LEGISLATURE,**

    Defendants.

## ORDER VACATING JUDGMENT AND
## REPORT AND RECOMMENDATION TO DISMISS

Barry J. Smith, Sr. brought this lawsuit against the U.S. Congress and the Wisconsin Legislature, alleging unconstitutional deprivation of his rights to keep and bear arms and to hold public office due to a prior criminal conviction. I dismissed Smith's complaint for failure to state a claim on October 3, 2018. (Docket # 15.) The case is before me again on a mandate from the Seventh Circuit issued April 22, 2019, dismissing Smith's appeal on the basis that one of the defendants never consented to magistrate jurisdiction.

Docket entries of August 31, 2018 reflect consent of all parties to magistrate jurisdiction, the appearance of an Assistant U.S. Attorney for both defendants (Docket # 4), a motion to dismiss on behalf of both defendants (Docket # 6), and joint briefing on the motion (Docket # 7). In fact, the Wisconsin Legislature had not consented to magistrate jurisdiction, the AUSA did not appear for the Wisconsin Legislature, and the motion was brought only on behalf of the U.S. Congress. The errors, apparently caused by a typographical mistake on the appearance form, were not discovered until the Attorney

General for the State of Wisconsin alerted the court of appeals that the Wisconsin Legislature had not in fact consented to magistrate jurisdiction. (Docket # 24 at 1–2.)

When one party has not consented to magistrate jurisdiction, a magistrate judge may not issue a final judgment in the case. *See Coleman v. Labor and Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017). Therefore, I will vacate the earlier judgment and recommend that Smith's case be dismissed in its entirety for failure to state a claim under F. R. Civ. P. 12(b)(6), and that Smith's new motion to amend his complaint (Docket # 21) be denied.

## BACKGROUND

Smith is no stranger to litigating cases in this district. In 1990, a jury convicted Smith of threatening to kill United States District Judge John Reynolds in violation of 18 U.S.C. § 115(a)(1)(B). (*United States v. Smith*, 982 F.2d 407 (1991), Ex. A to Def.'s Mot. to Dismiss, Docket # 7-1 at 5.) Smith was sentenced to a one-year confinement period and a four-year period of supervised release, which was subsequently reduced to a period of three years of supervised release. (*Id.*)

Following the completion of his sentence, Smith filed multiple civil rights complaints alleging that the United States and the State of Wisconsin violated his constitutional rights. (Docket # 7-1 at 8–38.) In early 2008, Smith filed a complaint claiming that laws prohibiting him from running for office because of his prior conviction violated his due process and equal protection rights. (*Id.* at 8–11.) U.S. District Judge Rudolph T. Randa dismissed Smith's complaint for failure to state a claim. (*Id.*) Smith appealed and the Seventh Circuit affirmed. (*Id.* at 12–13.)

In November 2008, Smith filed a complaint against the President of the United States, the Governor of Wisconsin, and the Mayor of Milwaukee. (Docket # 7-1 at 14–15.)

Smith alleged six similar grievances against the defendants, which U.S. District Judge J.P. Stadtmueller dismissed. (*Id*. at 16–20.) Smith appealed and the Seventh Circuit affirmed. (*Id*. at 21–22.)

In February 2013, Smith filed a complaint against Congress, the President, the Governor of Wisconsin, the Mayor of Milwaukee, and the Social Security Administration alleging that he was denied a variety of constitutional rights. (*Id*. at 23–24.) U.S. District Judge Charles N. Clevert found the allegations frivolous and dismissed the lawsuit. (*Id*. at 25–29.)

In October 2017, Smith filed another civil rights complaint against the United States and the State of Wisconsin alleging that he is being kept in slavery because as a convicted felon his citizenship was taken from him, he cannot bear arms to protect himself and his family, he must incriminate himself when asked about his felony conviction, perpetrators of crimes against his family are not prosecuted, and he cannot hold political office. (Docket # 7-1 at 30–32.) U.S. Magistrate Judge David E. Jones dismissed the lawsuit with prejudice on January 29, 2018. (Docket # 7-1 at 33–38.) Smith subsequently filed several motions attempting to reopen the lawsuit, which Judge Jones denied on June 26, 2018. (Docket # 7-1 at 39.) Smith appealed and the Seventh Circuit affirmed. *Smith v. United States*, Appeal No. 18-2408 (Jan. 19, 2019).

In June 2018, Smith filed this lawsuit challenging 18 U.S.C. § 922(g)(1), which makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to transport, possess, or receive firearms or ammunition. Smith argued that this provision is an unconstitutional bill of attainder. (Docket # 1 at 1.) Smith also argued that Wisconsin Constitution Art. XIII §

3(2)–(3), which prohibits persons convicted of felonies from holding public office, is an unconstitutional bill of attainder. (*Id.* at 2.) Smith requested restoration of his Second Amendment right to keep and bear arms, and his eligibility to run for office. (*Id.* at 2.)

On July 9, 2018, Smith submitted an amended complaint arguing that Congress has no authority under the Commerce Clause to "regulate or deny my right to carry a gun," and that the Wisconsin legislature lacks authority "to deny my right to vote for myself." (Docket # 3.) This amended complaint did not include the bill of attainder arguments. The amended complaint also identified the defendants as the U.S. Congress and the Wisconsin Legislature, while the original complaint identified them as the United States of America and the State of Wisconsin.

On August 31, 2018, the U.S. Congress moved to dismiss the complaint on the basis that Smith failed to state a claim upon which relief can be granted. (Docket # 6.) On September 6, 2018, Smith filed a motion to file a second amended complaint, alleging that he had inadvertently failed to incorporate the first complaint into the amended complaint. (Docket # 9 at 4.) The next day, he amended his motion to file a second amended complaint. (Docket # 10.) In my decision and order of October 3, 2018, I granted the motion to dismiss and denied Smith's motions to file a second amended complaint and motion to amend the motion. (Docket # 15.)

On December 6, 2018, Smith filed a notice of appeal with the Seventh Circuit. (Docket # 17.) On February 28, 2019, the Seventh Circuit ordered that Smith's appeal be dismissed on the basis that the Wisconsin Legislature had not consented to magistrate jurisdiction. (Docket # 24 at 1–2.) On March 4, 2019, Smith filed a motion for leave to file a

second amended complaint. (Docket # 21.) On April 22, 2019, the Seventh Circuit issued a mandate in this case. (Docket # 24 at 3–4.)

## APPLICABLE RULE

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Rule 12(b)(6) does not permit the court to consider matters outside the complaint without converting the motion into a motion for summary judgment, Fed. R. Civ. P. 12(d).

## ANALYSIS

Construing Smith's complaint liberally, Smith alleges that the U.S. Congress and the State of Wisconsin have deprived him of his Second Amendment rights and deprived him of his right to run for office.

As outlined above, this is not the first time Smith has filed a civil complaint in the Eastern District of Wisconsin challenging the collateral consequences of a prior felony criminal conviction. On five previous occasions, Smith filed complaints assserting similar

5

causes of action—his inability to keep and bear arms and deprivation of his right to run for public office—against primarily the same government entities and public officials.

In one of Smith's previous complaints, Judge Stadtmueller concluded that "limitations on a felon's right to carry a firearm, vote, or hold public office 'are well-recognized collateral consequences of a felony conviction, and the constitutionality of those long-standing consequences are not legitimately disputed.'" (Docket # 7-1 at 18.) The Supreme Court resolved the issue of constitutionality of the felon-in-possession statute in *United States v. Bass*, 404 U.S. 336 (1971). *See also District of Columbia v. Heller*, 128 S.Ct. 2783, 2816-17 (2008) (approving of the "longstanding prohibitions on the possession of firearms by felons"). Similarly, the Supreme Court has repeatedly upheld the constitutionality of limitations on felons' right to vote and hold public office. *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974); *Romer v. Evans*, 517 U.S. 620, 634 (1996). Smith's complaint manifestly fails to state a claim on either ground.

Smith's motion to file an amended complaint (Docket # 21) is merely a rehash of his previous arguments. He states that federal and state limitations on felons' right to bear arms are unconstitutional bills of attainder and violate the Second Amendment, that the federal prohibition on felons possessing firearms violates the Commerce Clause, and that restrictions on felons voting and running for office violate the Thirteenth and Fifteenth Amendments. Smith's claims have uniformly been dismissed previously as lacking merit. Therefore, I recommend that this case be dismissed in its entirety.

## ORDER AND RECOMMENDATION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the judgment entered on October 3, 2018 (Docket # 16) be **VACATED**.

**IT IS HEREBY RECOMMENDED** that Smith's motion for leave to file an amended complaint (Docket # 21) be **DENIED**.

**IT IS FURTHER RECOMMENDED** this case be dismissed in its entirety.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 29th day of April, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge