UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY J. SMITH, SR.,

        Plaintiff,

v.

        Case No. 18-cv-988-pp

UNITED STATES CONGRESS,
and WISCONSIN LEGISLATURE,

        Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 25), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DKT. NO. 21), DENYING AS MOOT UNITED STATES CONGRESS'S MOTIONS TO CONSOLIDATE CASES (DKT. NOS. 29(I), 32(I)); GRANTING UNITED STATES CONGRESS'S MOTIONS TO DISMISS IT AS A DEFENDANT (DKT. NOS. 29(II), 32(II)), DENYING WITHOUT PREJUDICE UNITED STATES CONGRESS'S MOTIONS TO BAR PLAINTIFF FROM FILING FURTHER *PRO SE* LAWSUITS (DKT. NOS. 29(III), 32(III)) AND DISMISSING CASE**

---

On June 28, 2018, the plaintiff, who is representing himself, filed a complaint against the United States and the State of Wisconsin, alleging that the defendants have violated his rights under the Second Amendment and the Wisconsin Constitution because as a felon, he cannot own a gun or hold office unless pardoned. Dkt. No. 1. Two weeks later, the plaintiff filed an amended complaint against the United States Congress and the Wisconsin Legislature, alleging that 18 U.S.C. §§922(d) and (g) are void under the Constitution because Congress does not have the authority under the Commerce Clause to regulate the plaintiff's ability to own a gun. Dkt. No. 3. He further alleged that "Amendment 3(2)(3)" of the Wisconsin Constitution is void under the federal Constitution because the Wisconsin Legislature has no authority to deny the

1

plaintiff the right to vote for himself. Id. The United States Congress filed a motion to dismiss on August 31, 2018. Dkt. No. 6. The Wisconsin Legislature, however, did not respond to the complaint. On October 3, 2018, Magistrate Judge Nancy Joseph, to whom the case was assigned at the time, issued an order granting the motion to dismiss. Dkt. No. 15.

The plaintiff appealed on December 6, 2018. Dkt. No. 17. Three months later, while the appeal was pending, he filed a motion for leave to file a second amended complaint. Dkt. No. 21. This court had no jurisdiction to rule on the motion to file a second amended complaint because the plaintiff's notice of appeal deprived it of jurisdiction.

On April 29, 2019, the Seventh Circuit Court of Appeals dismissed the appeal, noting that Judge Joseph did not have the authority to dismiss the case because the Wisconsin Legislature had not appeared as a defendant or consented. Dkt. No. 24. Judge Joseph vacated her prior order, and issued a report recommending that this court deny the plaintiff's motion for leave to file a second amended complaint and dismiss the case in its entirety. Dkt. No. 25. Judge Joseph construed the plaintiff's claims as alleging that the defendants had "deprived him of his Second Amendment rights and deprived him of his right to run for office." Id. at 5. She observed that the plaintiff had made similar claims on a number of previous occasions. Id. at 5. She opined that his first amended complaint "manifestly fails to state a claim on either ground." Id. at 6. As to his request to file a second amended complaint, Judge Joseph found that

the second amended complaint "is merely a rehash of his previous arguments."
Id.

The plaintiff objected to Judge Joseph's recommendation. Dkt. No. 26. Both the United States Congress and the Wisconsin Legislature filed briefs in support of Judge Joseph's recommendation. Dkt. Nos. 27, 28. The Wisconsin Legislature—which had not filed a motion to dismiss—argued in its brief that the court "may" dismiss the case against it because it had not been properly served. Dkt. No. 28 at 3. It also asserted that the plaintiff's constitutional claim against it failed "based on case law interpreting 42 U.S.C. § 1983 and the Eleventh Amendment," id. at 6, that it was not a suable entity under 42 U.S.C. §1983 because it is not a person, id. at 6-7, and that it was immune from suit under the Eleventh Amendment, id. at 7-8. The legislature argued that the court should "accept" Judge Joseph's report and recommendation, for the reasons she stated and for the reasons it stated in its brief. Id. at 8.

The United States Congress also has filed motions asking the court to consolidate this case with two cases the plaintiff filed in 2019,[1] to dismiss the

---

[1] The defendant filed two cases in 2019. In Smith v. United States Congress, Case No. 19-cv-671, he again has sued the United States Congress and the Wisconsin Legislature, asking the court to declare unconstitutional a federal criminal statute prohibiting convicted felons from possessing firearms and a provision of the Wisconsin constitution making felons ineligible to hold elected office unless pardoned. Id. at 1. In Smith v. United States Congress, Case No. 19-cv-1001, he has sued the United States Congress and the Wisconsin Legislature, reiterating his claims that those bodies have violated a number of his constitutional rights due to his status as the descendant of slaves; he also makes allegations regarding his conviction for threatening the life of a federal judge. Id. at 1. The court will discuss these cases in the section of this order addressing the United States Congress's motions.

3

consolidated case and to bar the plaintiff from filing further suits. Dkt. Nos. 29, 32. The plaintiff does not object to consolidation, but objects to dismissal on the grounds he has raised in this and previous cases and says that if the court bars him from filing cases, it will strip him of his First Amendment right to petition for redress. Dkt. Nos. 30, 33.

**I.     Judge Joseph's Recommendation to Dismiss Case**

   A.    Standard of Review

The court may accept, reject or modify a magistrate judge's findings and recommendations on a dispositive motion. Federal Rule of Civil Procedure 72(b)(3). If a party objects to a magistrate judge's recommendation, the court reviews *de novo* the portions of the report to which the party has objected. Id.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. A complaint must give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a plaintiff need not plead detailed factual allegations, he or she must do more than present "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. The complaint must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).

   B.    Analysis

In the last eleven and a half years, courts in this district have dismissed four civil complaints from the plaintiff, all alleging various violations of the plaintiff's constitutional rights due to his status as a descendant of slaves and

4

his status as a convicted felon. Smith v. United States, Case No. 08-cv-262; Smith v. President of the United States, Case No. 08-cv-956; Smith v. United States Congress, Case No. 13-cv-206; Smith v. United States, Case No. 17-cv-1419.

In the first case, Smith v. United States, Case No. 08-cv-262, the plaintiff sued the United States and the State of Wisconsin, challenging the fact that his conviction prevented him from running for alderman. He claimed that he was entitled to relief under the due process and equal protection clauses. Id. at Dkt. No. 3. Judge Rudolph T. Randa dismissed the case, explaining to the plaintiff that the legislature had a rational basis for preventing convicted felons from running for office, that he'd sued the wrong defendants (because the legislatures, not the governments, made and enforced the laws), and that portions of his claims were "patently frivolous." Id. at 1-3.

In the second case, Smith v. President of the United States, the plaintiff sued the President of the United States, the governor of Wisconsin and the mayor of Milwaukee, alleging that he had been "denied public employment opportunities, the right to bear a firearm and the right to 'vote for himself as a candidate' due to 'his previous conditions of Thirteenth Amendment Slavery.'" Smith, Case No. 08-cv-956, 2009 WL 2591624, *2 (E.D. Wis.). Judge J. P. Stadtmueller explained to the plaintiff that the Constitution does not prevent the federal or state governments from limiting a convicted felon's civil rights, including the right to carry a firearm the right to vote and the right to hold public office. Id. (citing Dist. of Columbia v. Heller, 554 U.S. 570, 626-627

(2008); Richardson v. Ramirez, 418 U.S. 24, 56 (1974); and Romer v. Evans, 517 U.S. 620, 624 (1996)). Judge Stadtmueller pointed out that "[t]hese limitations on one's rights as a citizen are well-recognized collateral consequences of a felony conviction, and the constitutionality of those long-standing consequences are not legitimately disputed." Id.

In the third case, the plaintiff sued the United States Congress, the President of the United States, the governor of Wisconsin, the mayor of Milwaukee and the Social Security Administration. Smith v. United States Congress, Case No. 13-cv-206, Dkt. No. 1. He alleged that the Social Security Administration had refused to allow him to participate in a program due to racism, and argued that he was being denied a laundry list of constitutional rights "based on a pattern and practice of Racism directed against him as a descendent of the slaves described by United States Supreme Court Chief Justice Taney in Dred Scott v. Sanford, 60 U.S. (19 How.) 393, 15 L. Ed. 691." Id. at Dkt. No. 1. Judge Charles N. Clevert, Jr. dismissed all the defendants except the Social Security Administration, noting that the plaintiff had made no specific allegations against any of the other defendants. Id. at Dkt. No. 20. Subsequently, when the plaintiff failed to amend his complaint as to the Social Security Administration, the court dismissed the entire case as frivolous. Id. at Dkt. No. 29.

Despite these decisions, the plaintiff filed a fourth case in 2017, again naming the United States of America and the State of Wisconsin (the defendants Judge Randa had told him were not appropriate parties), alleging

6

that he was being denied a long list of constitutional rights because of his status as a descendant of slaves. Smith v. United States, Case No. 17-cv-1419. Magistrate Judge David Jones dismissed this case for lack of subject-matter jurisdiction (as to the State of Wisconsin) and for failure to state a claim, reiterating the rulings of the prior judges and going into more detail about some of the plaintiff's specific allegations not addressed by the other judges. Id. at Dkt. No. 16.

The plaintiff filed this case in 2018. This is the second time the plaintiff has named the United States Congress as a defendant, and the first time he has named the Wisconsin Legislature.

        1.    *Dismissal of the first amended complaint*

The amended complaint is brief. It states:

Jurisdictional Statement: This honorable court has jurisdiction of this civil action arising under the laws of the United States pursuant to 28 U.S.C. Sec. 1331.

This amended complaint is pursuant to Federal Rules of Civil Procedure 15(a)(1)(A)(B):

1.    Title 18 U.S.C. Section 922(d) and (g) is void as unconstitutional because Congress does not have authority under the commerce clause to regulate or deny my right to carry a gun.

2.    The Wisconsin constitution, Amendment 3(2)(3), is void pursuant to the federal Constitution because the Wisconsin legislature does not have authority to deny my right to vote for myself.

Relief: Enforce the United States Constitution and the rights it guarantees me. Jury trial demand.

Dkt. No. 1.

7

Both Judge Stadtmueller and Judge Jones have explained to the plaintiff that the Supreme Court has acknowledged that the Second Amendment's right to bear arms is not unlimited, citing Heller, 554 U.S. at 626-627 (approving of the "longstanding prohibitions on the possession of firearms by felons"). Judge Randa, Judge Stadtmueller and Judge Jones have pointed out that the Supreme Court has upheld the constitutionality of limitations on a felon's right to vote and hold public office. See Richardson v. Ramirez, 418 U.S. 24, 54 (1974); Romer, 517 U.S. at 624.

Apparently realizing that bringing the same claims in the same form wouldn't get him far, the plaintiff attempts in this case to raise the same claims in different ways against different defendants. Rather than claiming that federal statutes prohibiting felons from possessing guns violate the Second Amendment, the amended complaint asserts that 18 U.S.C. §922(d) (which prohibits selling or disposing of guns or ammunition to someone the seller has reason to believe is a felon) and §922(g) (subsection (1) of which prohibits convicted felons from possessing firearms) are "void as unconstitutional because Congress does not have authority under the commerce clause to regulate or deny my right to carry a gun." Dkt. No. 3. This claim is directed at defendant the United States Congress, and the court construes it as a claim that in passing 18 U.S.C. §§922(d) and (g)(1), Congress violated the Commerce Clause.

The court does not have jurisdiction to entertain this claim. The amended complaint fails to allege that the United States Congress has waived

sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Joseph v. Bd. of Regents of the Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Meyer, 510 U.S. at 475. "Sovereign immunity is jurisdictional in nature," id., which means that if the Congress has not waived sovereign immunity, this court does not have jurisdiction over the claim against it.

Even if the Congress had waived its sovereign immunity, the amended complaint does not state a claim. The Commerce Clause, found in Article I, §8 of the Constitution, gives Congress the authority "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes." It has nothing to do with a private citizen's right to own a gun. The plaintiff is correct that the Commerce Clause doesn't *authorize* Congress to regulate his right to carry a gun. But that is irrelevant; the question is not whether there is a provision of the Constitution that *authorizes* the regulation, but whether there is a provision of the Constitution that *prohibits* the regulation. There is none. The provision that could have prohibited the regulation is the Second Amendment, but as other judges have told the plaintiff, it does not. As recently as May of this year, the Seventh Circuit Court of Appeals held that "the government has established that the felon dispossession statutes are substantially related to the important governmental objective of keeping firearms away from those convicted of serious crimes," and concluded that because the appellant "was convicted of a serious federal felon for conduct broadly understood to be criminal, his challenge to the constitutionality of §

9

922(g)(1) is without merit." Kanter v. Barr, 919 F.3d 437, 451 (7th Cir. 2019). The court must dismiss the complaint as to the United States Congress.

The plaintiff similarly tries to reframe his challenge to Wisconsin's prohibition against felons running for elected office by characterizing it as a challenge to "Amendment 3(2)(3)" of the Wisconsin Constitution. Dkt. No. 3. He says that the Wisconsin Legislature does not have the authority to deny him the right to vote for himself. Id. The court construes this claim against the Wisconsin Legislature as a claim that in ratifying that provision of the Wisconsin Constitution, the legislature violated some provision of the federal Constitution.

The court must dismiss this claim for several reasons. First, the Wisconsin Legislature has alleged that the plaintiff did not properly serve it with the complaint. The plaintiff has not refuted this allegation. The plaintiff filed the amended complaint on July 10, 2018. Under Fed. R. Civ. P. 4(m), if the plaintiff has not properly served a defendant "within 90 days after the complaint is filed," the court "must" dismiss the case without prejudice against that defendant, or order that the plaintiff effectuate service within a specified time. The ninety-day deadline has long passed.

Second, although the court could give the plaintiff a deadline for effectuating proper service, it would be futile to do so. The Wisconsin Legislature argues that 42 U.S.C. §1983—the law that creates a private right of action for a plaintiff to sue in federal court for violations of his civil rights—makes "persons" liable for violating a citizen's civil rights, and that the

10

Supreme Court has held that that state is not a "person" within the meaning of §1983. See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989). Because the Wisconsin Legislature is comprised of "officials [of the state] acting in their official capacities," id., it is not a person subject to suit under §1983. Further, the Eleventh Amendment bars suits against states unless they have waived their immunity. Id. at 66, citing Welch v. Tex. Dep't of Highways and Public Transportation, 483 U.S. 468, 472-73 (1987).

Finally, even if all the above weren't the case, the court can find no "Amendment 3(2)(3)" to the Wisconsin Constitution. *Article III*, Section 2(4)(a) allows the enactment of laws that exclude "from the right of suffrage" people who have been "[c]onvicted of a felony, unless restored to civil rights." The plaintiff has asserted in some of his other cases, however, that he finished serving his prison sentence long ago. Under Wis. Stat. §304.078(3), a convicted felon's civil rights are restored once he's completed serving his sentence, so it seems unlikely that the plaintiff is challenging this provision of the state constitution. Article XIII, Section 3(2) of the Wisconsin Constitution provides that a convicted felon is not eligible "to any office of trust, profit or honor in this state unless pardoned of the conviction." Assuming the plaintiff's claim that the legislature has violated his right to vote for himself is an attempt to challenge that provision of the statute constitution, it has no merit.

> The right to run for or hold public office is not a fundamental right, *Brazil-Breashears v. Bilandic*, 53 F.3d 789, 792-93 (7th Cir. 1995), and felons are not a suspect class, *Talley v. Lane*, 13 F.3d 1031, 1034 (7th Cir. 1994); thus, a ban on felons running for elective office is valid if it is rationally related to a legitimate state interest. See *Clements v. Fashing*, 457 U.S. 957, 963 [. . .] (1982).

11

Parker v. Lyons, 757 F.3d 701, 707 (7th Cir. 2014).

This court agrees with Judge Joseph that the amended complaint states no claim for relief and must be dismissed as to both defendants.

        2.    *Motion for leave to file second amended complaint*

*After* Judge Joseph issued her order dismissing the first amended complaint, and *after* the plaintiff had appealed that order, he asked the court to allow him to file a second amended complaint. Dkt. No. 21. The proposed second amended complaint alleges that the federal statute criminalizing possession of firearms by felons is a "Bill of Attainder" and that it violates "Article 1, Section 9, Clause 3 of the United States Constitution . . ." Dkt. No. 21-1. That provision of the Constitution says that "[n]o Bill of Attainder or ex post facto Law shall be passed." "The prohibitions on 'Bills of Attainder' in Art. I, §§ 9-10, prohibit legislatures from singling out disfavored persons and meting out summary punishment for past conduct." Bank Markazi v. Peterson, ___ U.S. ___, 136 S. Ct. 1310, 1324-25 (2016). The Seventh Circuit has address and rejected this argument, so allowing the plaintiff to amend the complaint on this ground would be futile.

> Nor is § 922(g) a bill of attainder, which would be "a law that legislatively determines guilt and inflicts punishment upon an individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of General Services*, 433 U.S. 425, 468 [. . .] (1977). The statute does not determine guilt based on a previous felony conviction, nor does it remove the protections of a trial.

United States v. Hemmings, 258 F.3d 587, 594-95 (7th Cir. 2001).

12

The proposed second amended complaint similarly tries to cast the Wisconsin statute that criminalizes a felon possessing a firearm as a bill of attainder, dkt. no. 21-1 at 2; that claim also would fail under Hemmings.

The proposed second amended complaint also characterizes Article XIII, Section 3(2) of the Wisconsin Constitution, which prohibits felons from being eligible for elected office, as a bill of attainder. Dkt. No. 21-1 at 2-3. This prohibition is not a criminal statute; it neither determines guilt nor inflicts punishment. See Dehainaut v. Pena, 32 F.3d 1066, 1070 (7th Cir. 1994) ("The Supreme Court has defined a bill of attainder as 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'"). It would be futile for the court to allow the plaintiff to amend on this ground.

Finally, the proposed second amended complaint reiterates the plaintiff's claim, made in earlier cases, that Wisconsin's prohibition on his right to vote violates his rights under the Fifteenth Amendment (the amendment that prohibits federal and state governments from abridging citizens' right to vote based on, among other things, "previous condition of servitude") and the Thirteenth Amendment (which prohibits slavery and involuntary servitude). The judges in the plaintiff's prior cases have rejected these claims, and they were right to do so. The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted,* shall exist within the United States . . . ." (Emphasis added.) It specifically excepts convictions from the definitions of

"slavery" and "involuntary servitude." For the same reason, Wisconsin's law prohibiting felons to vote does not violate the Fifteenth Amendment, because it is not a law prohibiting people from voting based on a previous condition of "servitude."

The court agrees with Judge Joseph that the plaintiff's proposed second amended complaint is a re-characterization of the same claims he has raised in prior cases, that the claims it lists have no merit and that it would be futile to allow him to amend.

**II.    The United States Congress's Motions to Consolidate, Dismiss, and For an Order Precluding Plaintiff from Initiating Further Pro Se Suits**

The United States Congress has filed motions asking the court to consolidate this case with the two 2019 cases. Dkt. Nos. 29, 32. It also asked the court to dismiss the consolidated cases, because the Congress had not waived sovereign immunity and because the complaints state no plausible claims for relief. Id. Finally, the motions ask the court to find the plaintiff in contempt and to bar him from filing additional *pro se* lawsuits in this district. Id.

The court is issuing separate orders in the plaintiff's three cases, because each frames the plaintiff's arguments in a slightly different way. For that reason, it will deny as moot the portion of the United States Congress's motions that asks the court to consolidate the cases.

For the reasons stated above, the court will grant the portion of the United States Congress's motions that ask the court to dismiss it as a defendant.

The court will address the portion of the motions that ask the court to bar the plaintiff from further filings in its order in Case No. 19-cv-1001; it will deny those portions of the motions without prejudice in this case.

## III. Conclusion

The court **ADOPTS** Judge Joseph's recommendation that the court deny the plaintiff's motion for leave to file a second amended complaint and that it dismiss this case. Dkt. No. 25.

The court **DENIES** the plaintiff's motion for leave to file a second amended complaint. Dkt. No. 21.

The court **DENIES AS MOOT** the United States Congress's motions to the extent that they seek consolidation with the 2019 cases. Dkt. Nos. 29(I), 32(I).

The court **GRANTS** the United States Congress's motions to the extent that they ask the court to dismiss the Congress as a defendant. Dkt. Nos. 29(II), 32(II).

The court **DENIES WITHOUT PREJUDICE** the United States Congress's motions to the extent that they seek an order barring the plaintiff from filing further cases; the court will address that request in its ruling Case No. 19-cv-1001. Dkt. Nos. 29(III), 32(III).

The court **ORDERS** that this case is **DISMISSED**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of November, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**