UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY J. SMITH, SR.,

        Plaintiff,

   v.

        Case No. 18-cv-988-pp

UNITED STATES CONGRESS, and
WISCONSIN LEGISLATURE,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 39)**

    This is the fifth case filed by the plaintiff in this district alleging various violations of his constitutional rights based on his status as a convicted felon. The court adopted the recommendation of Magistrate Judge Nancy Joseph, dkt. no. 25, denied the plaintiff's motion for leave to file a second amended complaint, dkt. no. 21, granted the United States' motions to dismiss, dkt. nos, 29, 32, and dismissed the case, dkt. no. 35. Soon after the court entered judgment, the plaintiff filed a motion to alter or amend judgment. Dkt. No. 39. Because the plaintiff has failed to show that he is entitled to relief, the court will deny the motion.

    The plaintiff filed his motion under Federal Rule of Civil Procedure 59(e), which allows a party to file a motion to "alter or amend a judgment" within twenty-eight days of the date the judgment is entered. The plaintiff filed his motion on December 10, 2019—within the twenty-eight-day period. To prevail

1

on a Rule 59(e) motion, a party must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Id.

The plaintiff has not identified any newly discovered evidence. He disagrees with the court's analysis, firmly convinced that Congress has no authority to regulate his right to carry a gun after he has served his sentence. That disagreement does not justify altering or amending the judgment under Rule 59(e). The court explained the doctrine of sovereign immunity and why the plaintiff failed to state a claim, provided the plaintiff with the case law that allows the government to keep firearms away from those convicted of serious crimes, and pointed out that the plaintiff failed to properly serve the Wisconsin legislature. Dkt. No. 37 at 8-11. The plaintiff has not shown that the court disregarded, misapplied or failed to recognize controlling precedent. Citing many constitutional amendments, the plaintiff makes the same arguments he raised in his complaint and in opposition to the motion to dismiss. The court has considered, and rejected, those arguments. There is no basis for the court to grant the plaintiff's motion.

2

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**